## Leetsdale Borough School District v. Marshall Township School District

*Eugene H. Kipp,* and *Doty & Thornton,* for plaintiff.
*George L. Hilty,* for defendant.

HARKINS, J., August 5, 1942.—This is an action in assumpsit by the School District of the Borough of Leetsdale to recover from the School District of the Township of Marshall the sum of $441.72 with interest, which plaintiff district claims for the tuition of Marian Wightman and Lewis Wightman, children of residents of the Marshall Township School District.

It is admitted by both plaintiff and defendant that Marian Wightman graduated from the eighth grade of the defendant district school in the spring of 1935; that she attended the Leetsdale high school from the fall of 1935 to the end of the spring, or May of 1939; that Lewis Wightman graduated in the spring of 1937, and that he attended Leetsdale high school from the fall of 1937 until May of 1941. It is admitted that these children resided with their parents in the Marshall Township School District during these years. It is admitted that each pupil possessed the necessary certificate of the county superintendent certifying that each had completed the eighth grade.

In the School Code of May 18, 1911, P. L. 309, sec. 1707, as last amended by the Act of May 4, 1927, P. L. 689, 24 PS §1586, it is provided that:

"Pupils residing in school districts in which no public high schools are maintained may attend, during the

entire term, the high schools in other districts which are nearest or most convenient to their homes. . . . Provided, That pupils wishing to attend a high school in a district other than the one in which they reside shall obtain the consent of the board of school directors of the district in which such high school is located before attending the same . . ."

It is the purpose of the legislature to provide a high school education for all children in the State of Pennsylvania, who qualify and who are under the age of 21 years, if a public high school is located in the school district. See 24 PS §1582. Section 1586 extends the provisions of section 1582 to guarantee the opportunity of equal educational facilities to each boy and girl who lives in a school district which does not maintain a high school, by permitting the boy or girl to attend the high schools in another district which is nearest or most convenient to his or her home. The School Code provides that the school district where such tuition pupils reside shall be liable for tuition of such pupils, and prescribes the manner in which the tuition shall be calculated and the home district notified of the amount of tuition charge and the basis on which the same is calculated.

Section 1708 of the code, as last amended by the Act of May 1, 1925, P. L. 435, 24 PS §1589, states, inter alia:

"The board of school directors in any district maintaining a high school which is attended by any pupils residing in another district, as herein provided, shall upon admission of such pupils properly certify to the board of school directors of the district in which such pupils reside the names of all such pupils, together with an itemized statement of the cost of tuition per school month, as herein defined, and the cost of such tuition shall be paid monthly to the district maintaining such high school by the district to which the same was certified. The per capita cost herein specified shall be computed upon the basis of the average daily attendance in said high school for the entire school term . . ."

The defense of the Marshall Township School District is based upon two reasons, namely: First, that the children in question did not attend the nearest or most convenient high school, and second, that plaintiff district has not complied sufficiently with section 1708 of the School Code to maintain the action. The pertinent portion of section 1708 of the School Code is shown above, being there referred to as section 1589 of title 24 of Purdon's Statutes.

In the opinion of the court neither of these defenses is valid in the instant case. As to the first, the legislature made no specific recommendation as to who should judge of the proximity or convenience of the high school chosen by tuition pupils. The only reasonable inference is that the legislature intended that the pupils and their parents should be the judges of these factors. It was the intention of the legislature to grant as much freedom as possible to the pupils themselves so that they might obtain the type of education which they and their parents regarded as most suitable for them. Had it been the intention of the legislature to regiment education in Pennsylvania, the legislature would have required tuition pupils to obtain the consent of their district board to their selection of a high school. This is not done. The only provision is that district boards have a duty imposed on them to pay for the tuition of such pupils.

Section 1708 of the School Code, as amended, 24 PS §1589, specifically provides that the district maintaining the high school shall "properly certify to the board of school directors of the district in which such pupils reside the names of all such pupils, together with an itemized statement of the cost of tuition per school month, . . . and the cost of such tuition shall be paid monthly to the district maintaining such high school by the district to which the same was certified."

It is maintained by defendant district that this provision of the code was not lived up to in its entirety by

plaintiff district. The court believes that this provision in the law is directory and not mandatory. In this case plaintiff district had continuously billed defendant district for the tuition of these children and had even received an answer, marked plaintiff's exhibit "Q," which states that defendant board hoped to be able to pay the bill for their "tuition pupils" in a short time. It is true that this exhibit fails to mention the names of the children, but the testimony of both plaintiff and defendant agrees that the Wightman children were the only ones from defendant district to attend plaintiff district's high school. This establishes beyond doubt that the letter could refer only to the Wightman children. Defendant district urges that during these years it had an arrangement with the Mars school district relative to taking its tuition pupils at a rate of four and a fraction dollars, while the rate of plaintiff district is much higher. It is the opinion of the court that the educational opportunity of the children of a school district is not to be limited to the facilities offered by a district which is able to bid for tuition pupils, so that it follows that the cost of tuition is not a factor in determining the nearness or convenience of a high school as these factors are related to the selection of a high school by pupils living in a district which does not maintain its own high school.

In the instant case defendant district cannot now complain about the failure of plaintiff district to specify itemized accounts when plaintiff's exhibits "A" to "M," inclusive, are letters requesting payment, dated from November 30, 1937, to June 3, 1940, and at no time in that interval did defendant district request an itemized statement.

By stipulation at the time of trial, plaintiff district filed a calculation of the tuition charges for the years in question, which complies with the manner of accounting prescribed by the School Code. The figures thus arrived at are slightly higher than those actually

charged defendant. For this reason defendant says that the tuition rate set by plaintiff's board, which is lower than that which defendant could legally be made to pay, is entirely void. The court is not in agreement with this contention. If there is anyone entitled to protest it is certainly not defendant district. Perhaps a taxpayer of plaintiff district might succeed in an injunction to prohibit plaintiff school district from this course, but certainly defendant district cannot maintain that because it was not charged enough it does not have to pay anything.

In conclusion, the court is, therefore, of the opinion that there is no gross abuse of discretion shown in the selection by the Wightman children of the Leetsdale high school; that the legislature has not given the exclusive power to a school district to dictate the high school which its tuition pupils must attend; and that the fact that such a choice by a school district may lessen the tax rate on the district not maintaining its own high school is of no importance. While the court does not wish to encourage school boards to be wasteful or extravagant, the aim of the legislature has been to provide the best educational opportunity for every boy and girl in Pennsylvania. This would not be so if any school district could arbitrarily dictate the high school and the only high school it would send its tuition pupils to. Such a philosophy would encourage school boards to select those neighboring high schools which had poorly-paid teachers, inadequate buildings, etc., and would thus defeat the purpose of the legislature.

In the instant case an additional factor which convinces the court that the Leetsdale high school was the most convenient one for the Wightman children is that at the time the older child started to high school there was no established system and every child chose his or her own school. The fact that the father traveled to Leetsdale to work and ordinarily took the children

most of the way to school is a factor in their determining the school most convenient.

The court believes that judgment in the following amount should be entered for plaintiff and against defendant in order that justice may be done, viz, in the amount of a total debt of $441.72, with interest in the amount of $89.04 to June 4, 1942, with interest from June 4, 1942, at the rate of seven cents per day, or $4.27 additional interest, or a total amount of $535.03, calculated as follows:

| Amount | Date of Billing | 6% to June 4, 1942 |
|---|---|---|
| $ 54.60 | Nov. 30, 1937 | $ 14.24 |
| 54.60 | Mar. 1, 1938 | 13.92 |
| 54.60 | June 7, 1938 | 13.10 |
| 57.00 | Nov. 30, 1938 | 11.97 |
| 57.00 | Mar. 1, 1939 | 11.11 |
| 57.00 | June 2, 1939 | 10.26 |
| 35.64 | Dec. 12, 1939 | 5.35 |
| 35.64 | Feb. 29, 1940 | 4.81 |
| 35.64 | June 3, 1940 | 4.28 |
| Total debt $441.72 | Interest to June 4, 1942. Additional interest from June 4 to August 5, 1942— | $ 89.04 |
| | 56 days @ 7 cents | 4.27 |
| | Debt | 441.72 |
| | Total | $535.03 |

### Order

And now, to wit, August 5, 1942, judgment is hereby entered in favor of plaintiff and against defendant in the amount of $441.72, plus interest in the amount of $89.04 to June 4, 1942, and $4.27 from June 4, 1942, to date, or a total judgment of $535.03.